# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN DUGGER, JR., *et al.*, | * |
| v. | *     Civil Action No. CCB-16-3912 |
| UNION CARBIDE CORPORATION, *et al.* | * |

## MEMORANDUM

Before the court is defendant Honeywell International Inc.'s ("Honeywell") motion for summary judgment (ECF 892). It has been fully briefed and no oral argument is necessary. For the reasons set forth below, it will be denied.

## FACTS AND PROCEDURAL HISTORY

For the purposes of this motion, Honeywell does not dispute the following: John Dugger owned and operated an automobile repair shop, Personal Auto, between 1980 and 1984, and worked as an auto mechanic at H&S Bakery between 1980 and 1982.[1] He worked with friction brake materials ("Bendix brakes") made and distributed by Honeywell's predecessor in interest Bendix Corporation. Some of the Bendix brakes contained asbestos. Def.'s Mem. of Law in Supp. of its Mot. for Summary Judgment, ECF 892-1 at 2 n.3.[2] Mr. Dugger later developed mesothelioma and died.

On October 26, 2016, John Dugger, Jr., individually and as personal representative of the estate of John Dugger, as well as John Dugger's[3] spouse and surviving children (the "plaintiffs") filed a complaint in the Circuit Court for Baltimore City against several defendants relating to

---

[1] There appears to be some slight confusion as to when Mr. Dugger worked at H&S Bakery. In the amended complaint, the plaintiffs state that Mr. Dugger worked at H&S Bakery "[b]etween at least 1980 and 1982." ECF 883 ¶ 37. Honeywell cites to this in its memorandum. ECF 892-1 at 6. In their opposition, however, the plaintiffs state that Mr. Dugger worked at H&S Bakery "[f]rom at least 1979 to 1981." ECF 921 at 3.

[2] For the purposes of this motion, Honeywell does not dispute that the Bendix brakes with which Mr. Dugger worked contained asbestos.

[3] John Dugger, Sr. will be referred to as "John Dugger." John Dugger, Jr. will be referred to with "Jr." after his name.

1

Mr. Dugger's asbestos exposure and death from mesothelioma. ECF 2. The case was removed to this court on December 7, 2016. ECF 1. On August 9, 2018, plaintiffs filed their amended complaint against Honeywell alleging negligence and strict liability relating to the sale of Bendix brakes. ECF 883.

The plaintiffs allege that Mr. Dugger developed mesothelioma because of his exposure to the asbestos in Bendix brakes, ECF 883 ¶¶ 33–37, 45, and that Honeywell failed to adequately warn Mr. Dugger about the hazards of exposure to asbestos. *Id.* ¶¶ 46–47. Honeywell filed this motion for summary judgment on September 7, 2018.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247–48. The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015). At the same time, the court must "prevent factually

unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

## ANALYSIS

A manufacturer may be liable for placing a product on the market that bears inadequate instructions and warnings or that is defective in design. *Hood v. Ryobi Am. Corp.*, 181 F.3d 608, 610 (4th Cir. 1999). If the warnings or instructions on a product are adequate, "the product is not defective, and the plaintiff cannot recover under a theory of strict liability [4] in tort." *Ellsworth v. Sherne Lingerie, Inc.*, 495 A.2d 348, 356 n.12 (Md. 1985); *Lightolier, a Division of Genlyte Thomas Grp. LLC v. Hoon*, 876 A.2d 100, 110 (Md. 2005) (failure of the plaintiff to heed a product's warnings and instructions is a defense to strict product liability); *Simpson v. Standard Container Co.*, 527 A.2d 1337, 1341 (Md. App. 1987) (if the plaintiff fails to follow adequate warnings, and if the product would be safe for use if the warnings were followed, then the plaintiff's strict product liability action will fail); *see also Kline v. ABCO Engineering Corp.*, 991 F. Supp. 747, 751 (D. Md. 1997) (finding that "[a]ny design defect . . . was not the proximate cause of Kline's injury" when the product had adequate warnings that Kline did not read or follow). A warning is adequate if it "explains the risk which allegedly caused the plaintiff's injury." *Ames v. Apothecon, Inc.*, 431 F. Supp. 2d 566, 572 (D. Md. 2006) (quoting *Lee v. Baxter Healthcare, Corp.*, No. 89–2143, 1990 WL 27325, at *5 (4th Cir. Feb. 27, 1990)).

---

[4] Adequate warnings are also a defense to product liability actions grounded in negligence. *See Ames v. Apothecon, Inc.*, 431 F. Supp. 2d 566, 567 n.3 (D. Md. 2006) ("The plaintiffs raise four causes of action in the complaint: (1) defective design; (2) marketing defect; (3) breach of implied warranty; and (4) negligence. Each of these boils down to whether Apothecon adequately warned Dr. Ramos of the connection between Amoxicillin and TEN."); *Rowley v. Devco LLC*, 2014 WL 12734754, at *2 (D. Md. 2014) (clear warnings bar product liability actions, and strict liability and negligent failure to warn claims are nearly identical).

3

The main disagreement between the parties is whether the Bendix brakes that Mr. Dugger worked with had warning labels on them. Honeywell claims they did, as, starting in 1973, Bendix and its successors placed warning labels on all "cartons and boxes of asbestos-containing friction products shipped to customers," ECF 892-13, Affidavit of Joel B. Charm, ¶¶ 4, 7. The warning read:

CAUTION

CONTAINS ASBESTOS FIBERS

AVOID CREATING DUST

BREATHING ASBESTOS DUST MAY CAUSE

SERIOUS BODILY HARM

In support of this, Honeywell provides a December 6, 1972 invoice for printing dies containing the warning language, April 1973 purchase orders and invoices for caution labels, sample copies of the warning labels, and a June 1973 General Bulletin issued to rebuilders that stated warnings should be affixed "to any carton or box that may have its contents reground." *Id.* ¶¶ 5–8 & Ex. A–E. Additionally, Honeywell mailed documents containing safety information to distributor and rebuilder customers between 1977 and 1986. *Id.* ¶¶ 9–13 & Ex. F–I. Honeywell also provides photographs of the boxes with the warnings on them. ECF 892-14.

In opposition, the plaintiffs present the testimony of three witnesses regarding the lack of warnings on the boxes of Bendix brakes Mr. Dugger used. Mr. Dugger, Jr., testified at his deposition that he did not recall seeing a warning on a box of Bendix brakes during his time at his father's automotive shop. ECF 921 at 5; Depo. of John C. Dugger, Jr., ECF 921-1 at 61. James Fitzpatrick also helped out at Mr. Dugger's shop, and similarly testified at his deposition that he did not recall seeing any warnings on the boxes of Bendix brakes. ECF 921 at 6; Depo.

of James Fitzpatrick, ECF 921-1 at 87–88. According to Mr. Fitzpatrick's deposition transcript, he further stated "All you would see it on [sic] was 'Manufactured by Bendix.' That was the only thing written on the box." ECF 921-1 at 88. John Darden worked with Mr. Dugger from 1979 to 1981 at H&S Bakery, where both serviced brakes. Mr. Darden stated he "never saw a warning on the box." ECF 921 at 6; Depo. of John Henry Darden, Sr., ECF 921-1 at 124. Mr. Darden also worked at Personal Auto where he also stated he did not recall seeing any warnings on the Bendix boxes. ECF 921 at 7; ECF 921-1 at 127. He was then asked, "Is it possible that that warning appeared on a box of Bendix brakes and you just don't recall seeing it?" to which Mr. Darden replied, "I have never seen it." ECF 921 at 7; ECF 921-1 at 147. Asked the question again, Mr. Darden replied, "All things are possible, but I've never seen it." ECF 921-1 at 147.

There is a genuine issue of material fact as to whether there were warnings on the boxes of Bendix brakes. The plaintiffs provide the sworn testimony of three individuals who worked with Mr. Dugger that they did not recall seeing warnings on boxes of Bendix brakes. While Honeywell argues that this testimony only relates to their knowledge of the warnings, a reasonable jury could draw the inference from their testimony that they did not recall seeing the warnings because there were no warnings. *See Jacobs*, 780 F.3d at 570 (all reasonable inferences should be drawn in favor of the nonmoving party (internal citation omitted)).

In determining whether an issue of material fact is genuine, the court may also consider to what extent the record supports the moving party's factual contention. *Lovett v. Cracker Barrel Old Country Store, Inc.*, 700 F. App'x. 209, 213–14 (4th Cir. 2017)[5] (stating that "Cracker Barrel's asserted justification for reducing Lovett's hours finds strong support in the record" while reviewing a grant of summary judgment). Here, although Honeywell provides unquestionable evidence that it placed warnings on at least some boxes of Bendix brakes starting

---

[5] Unpublished opinions are cited for the soundness of their reasoning, not for any precedential value.

in April 1973, the evidence is not as certain as to whether the warnings were placed on all boxes, particularly those delivered to Maryland and used in Mr. Dugger's shop. There is also no evidence that the general bulletins or other documents containing the warnings were sent to Mr. Dugger. Therefore, this case is unlike *Kline v ABCO Engineering Corp.*, where it was apparently uncontroverted, given the description that the warning signs were "frayed," that signs were posted, even though the plaintiff did not remember seeing a particular one. 991 F. Supp. at 751; *see also Coffey v. Chemical Specialties, Inc.* 4 F.3d 984, 1993 WL 318886, at *2–3 (4th Cir. 1993) (finding no genuine issue of material fact as to whether a company received certain documents when, even though the plaintiff claimed they were not sent because "he was in a position to have seen" them and he did not, several affidavits of employees at the company stated the company did receive them).

Further, this is not like *Parker v. Davis*, which Honeywell cites in its Reply. 900 F. Supp. 788 (D. Md. 1995); ECF 927 at 10. There, the plaintiff's affidavit, the only testimony creating the factual dispute, was inconsistent with his prior deposition testimony. *Parker*, 900 F. Supp. at 793. The court relied on the rule that "[a] genuine issue of material fact is not created where the only issue of fact is which of the two conflicting versions of the plaintiff's testimony is correct." *Id.* (quoting *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984)). Here, Honeywell does not claim that Mr. Dugger, Jr., Mr. Fitzpatrick, or Mr. Darden changed their testimony regarding whether they saw warnings on the Bendix boxes.

Although outside of this circuit, two other cases are helpful. In a 2013 case in the U.S. District Court in Washington involving exposure to asbestos at Navy work sites, the plaintiff also reported he did not recall seeing warnings signs. *Botts v. U.S*, 2013 WL 4008830, at *6 (W.D. Wash. 2013). On a motion to dismiss, under Rule 12(b)(1), the court found a disputed material

in April 1973, the evidence is not as certain as to whether the warnings were placed on all boxes, particularly those delivered to Maryland and used in Mr. Dugger's shop. There is also no evidence that the general bulletins or other documents containing the warnings were sent to Mr. Dugger. Therefore, this case is unlike *Kline v ABCO Engineering Corp.*, where it was apparently uncontroverted, given the description that the warning signs were "frayed," that signs were posted, even though the plaintiff did not remember seeing a particular one. 991 F. Supp. at 751; *see also Coffey v. Chemical Specialties, Inc.* 4 F.3d 984, 1993 WL 318886, at *2–3 (4th Cir. 1993) (finding no genuine issue of material fact as to whether a company received certain documents when, even though the plaintiff claimed they were not sent because "he was in a position to have seen" them and he did not, several affidavits of employees at the company stated the company did receive them).

Further, this is not like *Parker v. Davis*, which Honeywell cites in its Reply. 900 F. Supp. 788 (D. Md. 1995); ECF 927 at 10. There, the plaintiff's affidavit, the only testimony creating the factual dispute, was inconsistent with his prior deposition testimony. *Parker*, 900 F. Supp. at 793. The court relied on the rule that "[a] genuine issue of material fact is not created where the only issue of fact is which of the two conflicting versions of the plaintiff's testimony is correct." *Id.* (quoting *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984)). Here, Honeywell does not claim that Mr. Dugger, Jr., Mr. Fitzpatrick, or Mr. Darden changed their testimony regarding whether they saw warnings on the Bendix boxes.

Although outside of this circuit, two other cases are helpful. In a 2013 case in the U.S. District Court in Washington involving exposure to asbestos at Navy work sites, the plaintiff also reported he did not recall seeing warnings signs. *Botts v. U.S*, 2013 WL 4008830, at *6 (W.D. Wash. 2013). On a motion to dismiss, under Rule 12(b)(1), the court found a disputed material

in April 1973, the evidence is not as certain as to whether the warnings were placed on all boxes, particularly those delivered to Maryland and used in Mr. Dugger's shop. There is also no evidence that the general bulletins or other documents containing the warnings were sent to Mr. Dugger. Therefore, this case is unlike *Kline v ABCO Engineering Corp.*, where it was apparently uncontroverted, given the description that the warning signs were "frayed," that signs were posted, even though the plaintiff did not remember seeing a particular one. 991 F. Supp. at 751; *see also Coffey v. Chemical Specialties, Inc.* 4 F.3d 984, 1993 WL 318886, at *2–3 (4th Cir. 1993) (finding no genuine issue of material fact as to whether a company received certain documents when, even though the plaintiff claimed they were not sent because "he was in a position to have seen" them and he did not, several affidavits of employees at the company stated the company did receive them).

Further, this is not like *Parker v. Davis*, which Honeywell cites in its Reply. 900 F. Supp. 788 (D. Md. 1995); ECF 927 at 10. There, the plaintiff's affidavit, the only testimony creating the factual dispute, was inconsistent with his prior deposition testimony. *Parker*, 900 F. Supp. at 793. The court relied on the rule that "[a] genuine issue of material fact is not created where the only issue of fact is which of the two conflicting versions of the plaintiff's testimony is correct." *Id.* (quoting *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984)). Here, Honeywell does not claim that Mr. Dugger, Jr., Mr. Fitzpatrick, or Mr. Darden changed their testimony regarding whether they saw warnings on the Bendix boxes.

Although outside of this circuit, two other cases are helpful. In a 2013 case in the U.S. District Court in Washington involving exposure to asbestos at Navy work sites, the plaintiff also reported he did not recall seeing warnings signs. *Botts v. U.S*, 2013 WL 4008830, at *6 (W.D. Wash. 2013). On a motion to dismiss, under Rule 12(b)(1), the court found a disputed material

fact as to whether warning signs were placed even though the regulations at the time "specifically require[d] warning signs at asbestos work sites" as one conclusion could be that "the Navy failed to consistently post warning signs." *Id.* Additionally, the Seventh Circuit held in a 1989 case that testimony that the plaintiff "did not recall ever seeing a warning" on certain bags containing a substance alleged to have caused lung problems created a material issue of fact, properly given to the jury, as to whether the warnings existed. *Kessinger v. Grefco, Inc.*, 875 F.2d 153, 157 (7th Cir. 1989). In that case, the plaintiff "testified that he read the bags and stated what he recalled was on them" but did not recall seeing warnings. *Id.* The defendant Grefco argued that this was "negative testimony with no probative value and could not be considered on the issue of whether Grefco provided a warning on its products." *Id.* (internal quotations omitted). The Seventh Circuit disagreed, finding that his failure to recall the warnings was probative as to whether there were warnings on the bags. *Id.*

Here, as in *Kessinger*, a jury could infer that the three witnesses would have seen the warnings if they were present, and thus their testimony could lead the jury to infer that there were no warnings on the Bendix boxes. This is especially true as to Mr. Darden, as he testified that while working at H&S Bakery with Mr. Dugger for two years, they each changed brakes at least five times a week. ECF 921 at 6; ECF 921-1 at 123. A jury could reasonably infer that, because Mr. Darden worked so closely with the brakes, he would have seen a warning on the box had there been one.

Honeywell also argues that the plaintiffs rely on Honeywell's responses to interrogatories to establish some elements of their case, but then challenge Honeywell's responses that claim Honeywell placed warnings on all boxes of Bendix brakes starting in 1973. ECF 927 at 4–5. According to Honeywell, the plaintiffs "cannot and should not be permitted to rely only on the

7

portions of Honeywell's sworn answers to interrogatories, that are helpful to them in an attempt to establish a necessary element of their cause of action as undeniably true . . . and at the same time conveniently disavow portions of the same answers that do not support their contentions." *Id.* at 5. Honeywell, however, provides no case law to support its argument that in order for the plaintiffs to rely on certain interrogatory responses from Honeywell they must accept all of them as true. It seems reasonable that the plaintiffs accept some of Honeywell's sworn testimony but challenge other parts.

Therefore, this court will deny Honeywell's motion for summary judgment as to the issue of the warnings. Further, summary judgment for lack of evidence of specific causation is not warranted, because Honeywell's *Daubert* motion (ECF 891) has been denied.

## CONCLUSION

For the foregoing reasons, the court will deny Honeywell's motion for summary judgment. A separate order follows.

9/30/19
Date

/s/ CCB

Catherine C. Blake
United States District Judge