# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN DUGGER, JR., *et al.*, | * | |
| v. | * | Civil Action No. CCB-16-3912 |
| UNION CARBIDE CORPORATION, *et al.* | * | |

## MEMORANDUM

Before this court are the plaintiffs' motion in limine regarding defense expert James Crapo, M.D. (ECF 931), plaintiffs' motion in limine regarding defense expert Tony Watson, C.I.H. (ECF 932), and plaintiffs' motion in limine regarding defense expert Lucian Chirieac, M.D. (ECF 933). The motions have been fully briefed and no oral argument is necessary. For the reasons set forth below, the court will deny the plaintiffs' motions in limine.

## FACTS

This is a case brought by John Dugger, Jr., individually and as personal representative of the estate of John Dugger, Sr.,[1] as well as John Dugger's spouse and surviving children (the "plaintiffs") against Honeywell International Inc. ("Honeywell"), successor-in-interest to Bendix Corporation, alleging that Mr. John Dugger developed mesothelioma as a result of his exposure to asbestos contained within Bendix brakes. Honeywell intends to call expert witnesses Dr. James Crapo, Tony Watson, and Dr. Lucian Chirieac to testify at trial. These three witnesses will all generally testify as to Mr. Dugger's exposure to asbestos while in the Navy and the likelihood that his mesothelioma was caused by that exposure rather than his exposure to asbestos in Bendix brakes. ECF 934-1 at 2–3 (Dr. Crapo); ECF 935-1 at 2–3 (Dr. Chirieac); ECF 936-1 at 2–3 (Mr. Watson).

---

[1] John Dugger, Sr. will be referred to as "John Dugger."

1

Expert discovery closed in this case on August 8, 2018. Scheduling Order, ECF 571. On August 13, 2018, Honeywell retained McCaffrey & Associates to search for additional documents relating to Mr. Dugger's service on Navy boats. Honeywell's Mem. in Supp. of its Opp'n to Pls.' Mot. in Limine regarding James Crapo, ECF 934-1 at 3. McCaffrey & Associates gave Honeywell these documents and an accompanying memorandum on August 24, 2018. Mem. in Supp. of Pls.' Mot. in Limine, ECF 931-1 at 3–4; ECF 934-1 at 3. Honeywell then provided these additional documents to its experts for review, and the experts drafted supplemental reports, which were provided to the plaintiffs in October 2018. ECF 931-1 at 2 (Dr. Crapo); ECF 932-1 at 2 (Mr. Watson); ECF 933-1 at 2 (Dr. Chirieac). The plaintiffs seek to exclude any testimony by Dr. Crapo, Mr. Watson, and Dr. Chirieac that relies on the documents from McCaffrey & Associates. ECF 931-1 at 3 (Dr. Crapo); ECF 932-1 at 4 (Mr. Watson); ECF 933 at 4 (Dr. Chirieac). The plaintiffs contend that the additional reports are not "supplemental" reports under Rule 26(e), are not based on new evidence or facts, and are instead meant to cure perceived deficiencies in the deposition testimony of Honeywell's naval expert John Graham. *See* ECF 931-1 at 4–6 (Dr. Crapo); ECF 932-1 at 3–7 (Mr. Watson); ECF 933-1 at 3–7 (Dr. Chirieac). Honeywell responds that the additional reports are valid supplements and were properly disclosed under Rule 26(e), that the evidence relied on in the supplemental reports was newly discovered, and regardless, that the supplemental reports are substantially justified and there is no prejudice. ECF 934-1 at 6–12 (Dr. Crapo); ECF 935-1 at 6–12 (Dr. Chirieac); ECF 936-1 at 6–12 (Mr. Watson).

## STANDARD OF REVIEW

Fed. R. Civ. P. 26(e)(2) requires a party to supplement its expert report if it learns that the report is incomplete or incorrect. This rule, however, is not a way to revise testimony based on

criticisms and challenges from the other party. *EEOC v. Freeman*, 961 F. Supp. 2d 783, 797 (D. Md. 2013). Untimely opinions that do not qualify as supplements under Rule 26 may be excluded under Rule 37(c). *Id.* Rule 37(c)(1) provides that a party that fails to disclose information "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The non-disclosing party bears the burden of establishing the nondisclosure was substantially justified or harmless. *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014). The "basic purpose" of Rule 37(c)(1) is to prevent surprise and prejudice to the opposing party. *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003).

In *Southern States*, the Fourth Circuit set out a five-factor test to determine if non-disclosure was substantially justified or harmless: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." 318 F.3d at 597. District courts have "broad discretion" to decide whether a nondisclosure is substantially justified or harmless and are not required to examine explicitly all of the factors in *Southern States*. *Wilkins*, 751 F.3d at 222.

## ANALYSIS

Even assuming that the supplemental expert reports do not qualify as supplemental opinions under Rule 26, the failure to disclose them earlier is harmless. There is minimal surprise to the plaintiffs here because none of the experts changed their opinions based on the new materials. Rather, they all concluded that the materials further supported their original conclusions. ECF 934-1 at 3 (Dr. Crapo); ECF 935-1 at 3 (Dr. Chirieac); ECF 936-1 at 3 (Mr.

3

Watson). Honeywell has also offered to make these experts available for deposition on the information in the supplemental reports. Further, the court will order Honeywell to pay for reasonable costs associated with these depositions, to further reduce any potential harm to the plaintiffs. Finally, there is no trial date set, so allowing the evidence would not disrupt the trial.

**CONCLUSION**

Accordingly, the court will deny the plaintiffs' motions in limine regarding the supplemental reports by Dr. Crapo, Mr. Watson, and Dr. Chirieac. A separate order follows.

9/30/19
Date

CCB
Catherine C. Blake
United States District Judge